# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARTIN D. LONG, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-18-657-G |
| ANDREW SAUL,<br>Commissioner of Social Security,[1] | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Martin D. Long brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying Plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. Upon review of the administrative record (Doc. No. 11, hereinafter "R. \_"),[2] and the arguments and authorities submitted by the parties, the Court reverses the Commissioner's decision and remands the case for further proceedings.

### PROCEDURAL HISTORY AND ADMINISTRATIVE DECISION

Plaintiff protectively filed his DIB application on March 23, 2016, alleging disability on the basis of Hepatitis C, stroke, diabetes, intestinal issues from a prior

---

[1] The current Commissioner is hereby substituted as Defendant pursuant to Federal Rule of Civil Procedure 25(d).

[2] With the exception of the administrative record, references to the parties' filings use the page numbers assigned by the Court's electronic filing system.

accident, and complications from chemical poisoning. R. 10, 391-96, 420. His disability-onset date was ultimately alleged to be June 12, 1997. R. 10, 268, 420, 426, 436, 446. Following denial of his application initially and on reconsideration, a hearing was conducted before an administrative law judge ("ALJ"). R. 264-308, 309-29. The ALJ issued an unfavorable decision on September 21, 2017. R. 10-20.

The Commissioner uses a five-step sequential evaluation process to determine entitlement to disability benefits. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009); 20 C.F.R. § 416.920. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from his alleged onset date of June 12, 1997, through the date he had last met the insured-status requirements of the Social Security Act (December 31, 2004). R. 12; *see also* R. 269 (Plaintiff testifying in June 2017 that he had not worked since June 1997).

At step two, the ALJ found that Plaintiff had the following medical determinable impairments: "hypoglycemia; hypertension; hepatitis C; porphyria cutanea tarda; alleged exposure to chemicals; status post [cerebrovascular accident]; and carotid artery surgery." R. 12. The ALJ next found that Plaintiff had no impairment or combination of impairments that significantly limited his ability to perform basic work-related activities for twelve consecutive months and that therefore Plaintiff "did not have a severe impairment or combination of impairments." R. 12-19.

Accordingly, the ALJ determined that Plaintiff had not been under a disability for purposes of the Social Security Act during the relevant time period. R. 19; *see* 20 C.F.R. § 404.1520(a)(4) ("If we find that you are . . . not disabled at a step, we make our . . . decision and we do not go on to the next step."). Plaintiff's request for review by the SSA

Appeals Council was denied, and the unfavorable decision of the ALJ stands as the Commissioner's final decision. R. 1-6; *see* 20 C.F.R. § 404.981.

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether factual findings are supported by substantial evidence in the record as a whole and whether correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (internal quotation marks omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004) (internal quotation marks omitted). The court "meticulously examine[s] the record as a whole," including any evidence "that may undercut or detract from the ALJ's findings," "to determine if the substantiality test has been met." *Wall*, 561 F.3d at 1052 (internal quotation marks omitted). While a reviewing court considers whether the Commissioner followed applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

## ANALYSIS

Plaintiff challenges the ALJ's finding at step two that Plaintiff had no severe impairments singly or in combination. First, Plaintiff argues that the ALJ erred by improperly ignoring certain opinions by Plaintiff's treating physician Clinton R. Strong,

3

MD, regarding necessary environmental restrictions and Plaintiff's ability to work. Relatedly, Plaintiff argues that this legal error and others committed by the ALJ rendered the step-two finding unsupported by substantial evidence. *See* Pl.'s Br. (Doc. No. 14) at 12-19; Pl.'s Reply (Doc. No. 19) at 1-6; *see also* Def.'s Br. (Doc. No. 18) at 2-13. The Court agrees with both propositions.

I. *The Step-Two Determination*

At step two of the disability analysis, the claimant has the burden to present evidence that he or she has "a medically severe impairment or combination of impairments." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (internal quotation marks omitted). An impairment is severe if it "significantly limit[s] [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1522(a). The "ability to do basic work activities" is defined as "the abilities and aptitudes necessary to do most jobs." *Id.* § 404.1522(b). For purposes of Plaintiff's claims, the most relevant activities include the ability to perform "[p]hysical functions such as walking, sitting, lifting, pushing, pulling, reaching, carrying, or handling." *Id.* § 404.1522(b)(1).

Stated differently, the inquiry at step two is whether any impairment or combination of impairments has "more than a minimal effect" on a claimant's ability to do basic work activities. *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988). "[W]hile the showing a claimant must make at step two is de minimis, a showing of the mere presence of a condition is not sufficient." *Cowan v. Astrue,* 552 F.3d 1182, 1186 (10th Cir. 2008); *see also* SSR 16-3p, 2017 WL 5180304, at *11 (Oct. 25, 2017).

4

In an oft-cited concurring opinion, Justice O'Connor explained the purpose of a low threshold at this early point of the sequential evaluation: "[S]tep two may not be used to disqualify those who meet the statutory definition of disability. . . . . Only those claimants with slight abnormalities that do not significantly limit any 'basic work activity' can be denied benefits without undertaking [the subsequent analytical steps in the sequential evaluation process]." *Bowen v. Yuckert*, 482 U.S. 137, 157 (1987) (O'Connor, J., concurring). The applicable Social Security Ruling reflects a similar point:

> Great care should be exercised in applying the not severe impairment concept. If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process should not end with the not severe evaluation step. Rather, it should be continued.

SSR 85-28, 1985 WL 56856, at *4 (Jan. 1, 1985).

II.  *Discussion*

Although as noted above Plaintiff cited multiple conditions as a basis for disability benefits, his allegations of error center around the ALJ's finding that there was no "severe" impairment resulting from Plaintiff's past exposure to chemicals, despite treating physician's records reflecting physical and environmental restrictions and an inability to return to Plaintiff's past work.

A. *The Relevant Record*

The evidence reflects that Plaintiff was treated by Dr. Strong continually between 1996 and 2005—i.e., both before, during, and after the relevant disability period of June 1997 to December 2004.  *See* R. 473-584 (Ex. 1F).

On March 27, 1997, Dr. Strong's treatment record noted that Plaintiff reported having "pesticide exposure" at his work on March 19, 1997. R. 540. Plaintiff was found to be in "mild distress" and diagnosed with an allergic reaction secondary to the recent chemical exposure and prescribed Atarax. R. 540. In April 1997, Plaintiff stated that he had not been to work in the last five weeks. Dr. Strong's physician assistant noted that Plaintiff had been advised to file for medical retirement three weeks earlier. R. 540.

On June 11, 1997, Dr. Strong reported that Plaintiff suffered an allergic reaction due to chemical/insecticide exposure at his workplace. Dr. Strong indicated that he had previously submitted letters to Plaintiff's employer stating that Plaintiff "should not be exposed to chemical and/or insecticide type materials." R. 537. Dr. Strong noted, however, that each time Plaintiff "tried to go back to work he has been put in units where this has occurred." R. 537. Dr. Strong stated he would be writing a letter to Plaintiff's employer, El Reno FCI, regarding Plaintiff not "returning to work until all of this is settled due to repeated episodes of chemical/insecticide exposure each time I have released him to return to work. He has had a restriction on that sort of exposure and it has not been handled properly by the F.C.I." R. 537.

In September 1997, Dr. Strong noted that he met with Plaintiff and Plaintiff's attorney and discussed how Plaintiff's "work at the F.C.I. and repeated exposures to pesticides and chemicals have aggravated his condition." R. 535. In October 2003, Dr. Strong diagnosed Plaintiff with chronic fatigue due to Plaintiff's "chemical exposure." R. 492. On November 5, 2004, Dr. Strong concluded that Plaintiff remained "unable to return

to work for the BOP due to the environment & risk of chemical exposure & because of the complications from the original work related injury." R. 488.

In December 2016, Dr. Strong completed a Physical Medical-Source Statement (Ex. 4F) and a Mental Medical-Source Statement (Ex. 5F). In both opinions, Dr. Strong attributed Plaintiff's many continuing physical and mental limitations to his 1997 workplace toxic-chemical exposure. R. 670, 672.

### B. The ALJ's Decision

In the written decision, the ALJ addressed the testimony and medical records relevant to Plaintiff's other physical impairments in detail. R. 13-17. The ALJ, however, said only the following regarding Plaintiff's exposure to toxic chemicals:

> Finally, although [Plaintiff] attributed a variety of his symptoms over the period at issue to alleged chemical exposure at his workplace. Yet, the records in this matter for same show little concrete evidence that such symptoms were attributed to same (Exhibit 1F & 2F). An early record from Dr. Strong dated March 1997 described his report of same but ultimately assessed [Plaintiff] as having an "allergic reaction secondary to exposure" and prescribed medication, Atarax, for same (Exhibit 1F, p. 68). Interestingly, [Plaintiff] denied rashes, nausea, vomiting, and diarrhea at that time, in contrast to his testimony of same at the time of hearing.

R. 17.

The ALJ additionally assessed the opinion evidence and Plaintiff's credibility. The ALJ gave "little weight" to Dr. Strong's Physical Medical-Source Statement attributing "[a]ll" of Plaintiff's multiple physical limitations (including in walking, sitting, lifting, pushing, pulling, reaching, and handling) and need for environmental restrictions to Plaintiff's 1997 "exposure to chemicals at El Reno FCI." R. 18, R. 665-70.

7

*C. Discussion*

As outlined above, Dr. Strong's treatment records—specifically, those from March 1997, April 1997, June 1997, September 1997, October 2003, and November 2004—reflect that Plaintiff's treating physician had concluded that Plaintiff's chronic health problems were not a "slight abnormality[]" and had "more than a minimal effect" on Plaintiff's ability to work. SSR 85-28, 1985 WL 56856, at *4. If an ALJ rejects a treating-physician opinion, he or she is required to "give specific, legitimate reasons for doing so." *Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003) (internal quotation marks omitted). Here, the ALJ failed to discuss the relevant aspects of all but one of those opinions and, in stating only that multiple records "show little concrete evidence," R. 17, failed to provide an adequate rationale for ignoring them.

Such truncated analysis does not comport with applicable legal standards and does not allow the Court to meaningfully review the ALJ's determination. *See Watkins*, 350 F.3d at 1301. Relatedly, "[i]n the context of a step-two analysis," Dr. Strong's records were "significantly probative evidence that [the ALJ] was required to consider to appropriately decide that [Plaintiff] had no severe impairments." *Petties v. Colvin*, No. CIV-14-292-D, 2015 WL 5713882, at *3 (W.D. July 31, 2015) (R. & R.) (citing *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996); 20 C.F.R. § 404.1520(a)(3)), *adopted*, 2015 WL 5725705 (W.D. Okla. Sept. 29, 2015).

Moreover, the ALJ's legal error leaves the Court unable to determine whether the ALJ's step-two finding is supported by substantial evidence, given Dr. Strong's repeated findings.

> A claim may be denied at step two only if the evidence shows that the individual's impairments, when considered in combination, are not medically severe, i.e., do not have more than a minimal effect on the person's physical or mental ability(ies) to perform basic work activities. If such a finding is not clearly established by medical evidence, however, adjudication must continue through the sequential evaluation process.

SSR 85-28, 1985 WL 56856, at *3; *accord Brand v. Berryhill*, No. 2:17-cv-01203-WJ-LF, 2019 WL 1055628, at *6 (D.N.M. Mar. 6, 2019) (R. & R.) ("Neither the ALJ nor the Commissioner accounts for the fact that Ms. Brand has only a de minimis burden of proof at step two. Nor do they account for the fact that the ALJ can only find an impairment or combination of impairments "not severe" at step two if this finding is "clearly established by medical evidence.""), *adopted*, 2019 WL 1370100 (D.N.M. Mar. 26, 2019).

> Further, the fact that the ALJ gave Dr. Strong's 2016 opinions "[l]ittle weight"
>
> does not show that the medical evidence "clearly established" that [Plaintiff's] impairments were not severe, or that [he] failed to meet [his] de minimis burden of proof at step two. *See Young v. Comm'r of Soc. Sec. Admin.*, No. 1:13-CV-872, 2014 WL 1788181, at *6 (N.D. Ohio May 5, 2014) (holding that a doctor's opinion given "little weight" would still comprise enough evidence to meet the de minimis standard); *Snedeker v. Colvin*, No. 3:13-CV-970 GLS/ESH, 2015 WL 1126598, at *5 (N.D.N.Y. Mar. 12, 2015) (same).

*Brand*, 2019 WL 1055628, at *6. And Plaintiff's subjective complaints are not so inconsistent with his doctor's diagnoses "to doom his claim as groundless under the de minimis standard of step two." *Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005) (noting that a step-two denial had been previously affirmed where there was a "total absence of objective evidence of severe medical impairment" and "even the claimant's doctor was hesitant to conclude that any of the claimant's symptoms and complaints were medically legitimate"); *see, e.g.*, R. 269-70, 272-76 (Plaintiff testifying at administrative

hearing that the toxic-chemical exposure resulted in ongoing nerve damage and problems including metabolism issues, fatigue, depression, anxiety, tremors, and chronic pain).

Here, the ALJ found that Plaintiff lacked a medically severe impairment or combination of impairments despite objective medical evidence to the contrary. Because Plaintiff "present[ed] medical evidence and ma[de] the *de minimis* showing of medical severity," the ALJ should have "proceed[ed] to step three." *Williams*, 844 F.2d at 751.

## CONCLUSION

The decision of the Commissioner is reversed and the case remanded for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). A separate judgment shall be entered.

IT IS SO ORDERED this 23rd day of September, 2019.

CHARLES B. GOODWIN
United States District Judge