UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARTIN D. LONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-657-G |
| | ) | |
| ANDREW SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On September 23, 2019, the Court entered a Judgment reversing the decision of the Commissioner of the Social Security Administration ("SSA") and remanding this case for further administrative proceedings. *See* J. (Doc. No. 21); *see also Long v. Saul*, No. CIV-18-657-G, 2019 WL 4643998 (W.D. Okla. Sept. 23, 2019). Plaintiff Martin D. Long now moves for an award of attorney's fees in the amount of $7675.80 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §§ 2412 et seq. *See* Pl.'s Mot. (Doc. No. 24). Defendant has responded to the Motion (Doc. No. 25), and Plaintiff has replied (Doc. No. 26); *see also* Pl.'s Suppl. Mot. (Doc. No. 27).

I.   *Attorney Fee Awards Under the EAJA*

Section 2412(d) of the EAJA provides that a prevailing party other than the United States shall be awarded reasonable fees in a civil action "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A), (d)(2)(A). The "position of the United States" includes not only the position taken by the government in the present civil action

but also "the action or failure to act by the agency upon which the civil action is based." *Id.* § 2412(d)(2)(D). "[T]he required 'not substantially justified' allegation imposes no proof burden on the fee applicant"; "the Government is aware, from the moment a fee application is filed, that to defeat the application on the merits, it will have to prove its position 'was substantially justified.'" *Scarborough v. Principi*, 541 U.S. 401, 403 (2004); *accord Hackett v. Barnhart*, 475 F.3d 1166, 1169 (10th Cir. 2007). To make this showing, the government must prove that its case "had a reasonable basis in law and in fact." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988). The term "substantially justified" has been defined as "'justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person.'" *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *see also* 28 U.S.C. § 2412(d)(1)(B) (prescribing that whether the government's position was substantially justified is determined based on the record before the court, including the record of the agency's action or failure to act upon which the civil action was based).

II.   *Whether Plaintiff Is the Prevailing Party*

As noted above, the Court previously reversed the Commissioner's decision denying Plaintiff's application for disability insurance benefits under the Social Security Act, 42 U.S.C. §§ 401-434. Having obtained reversal and remand under sentence four of 42 U.S.C. § 405(g), Plaintiff is considered the "prevailing party" for purposes of the EAJA. *See* J. at 1; 28 U.S.C. § 2412(d)(2)(B); *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993).

but also "the action or failure to act by the agency upon which the civil action is based." *Id.* § 2412(d)(2)(D). "[T]he required 'not substantially justified' allegation imposes no proof burden on the fee applicant"; "the Government is aware, from the moment a fee application is filed, that to defeat the application on the merits, it will have to prove its position 'was substantially justified.'" *Scarborough v. Principi*, 541 U.S. 401, 403 (2004); *accord Hackett v. Barnhart*, 475 F.3d 1166, 1169 (10th Cir. 2007). To make this showing, the government must prove that its case "had a reasonable basis in law and in fact." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988). The term "substantially justified" has been defined as "'justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person.'" *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *see also* 28 U.S.C. § 2412(d)(1)(B) (prescribing that whether the government's position was substantially justified is determined based on the record before the court, including the record of the agency's action or failure to act upon which the civil action was based).

II.   *Whether Plaintiff Is the Prevailing Party*

As noted above, the Court previously reversed the Commissioner's decision denying Plaintiff's application for disability insurance benefits under the Social Security Act, 42 U.S.C. §§ 401-434. Having obtained reversal and remand under sentence four of 42 U.S.C. § 405(g), Plaintiff is considered the "prevailing party" for purposes of the EAJA. *See* J. at 1; 28 U.S.C. § 2412(d)(2)(B); *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993).

but also "the action or failure to act by the agency upon which the civil action is based." *Id.* § 2412(d)(2)(D). "[T]he required 'not substantially justified' allegation imposes no proof burden on the fee applicant"; "the Government is aware, from the moment a fee application is filed, that to defeat the application on the merits, it will have to prove its position 'was substantially justified.'" *Scarborough v. Principi*, 541 U.S. 401, 403 (2004); *accord Hackett v. Barnhart*, 475 F.3d 1166, 1169 (10th Cir. 2007). To make this showing, the government must prove that its case "had a reasonable basis in law and in fact." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988). The term "substantially justified" has been defined as "'justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person.'" *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *see also* 28 U.S.C. § 2412(d)(1)(B) (prescribing that whether the government's position was substantially justified is determined based on the record before the court, including the record of the agency's action or failure to act upon which the civil action was based).

II.   *Whether Plaintiff Is the Prevailing Party*

As noted above, the Court previously reversed the Commissioner's decision denying Plaintiff's application for disability insurance benefits under the Social Security Act, 42 U.S.C. §§ 401-434. Having obtained reversal and remand under sentence four of 42 U.S.C. § 405(g), Plaintiff is considered the "prevailing party" for purposes of the EAJA. *See* J. at 1; 28 U.S.C. § 2412(d)(2)(B); *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993).

### III. Whether the Government Has Shown Its Position Was Substantially Justified

In the written decision, the Court noted that Plaintiff's treating physician had documented years of medical problems related to episodes of chemical exposure. *See Long*, 2019 WL 4643998, at *2-3. The treating physician also "attributed . . . many continuing physical and mental limitations" to a past toxic-chemical exposure incident. *Id.* at *3.

In making his finding at step two of the administrative proceedings below, however, the ALJ failed to adequately discuss Plaintiff's treating-physician records and "failed to provide an adequate rationale for ignoring them." *Id.* Specifically, the ALJ found there was no severe impairment resulting from Plaintiff's past exposure to chemicals, "despite treating physician's records reflecting physical and environmental restrictions and an inability to return to Plaintiff's past work." *Id.* at *2. The ALJ's "truncated analysis" did not allow for meaningful review, given the "objective medical evidence" in the record supporting a finding that Plaintiff did have a severe impairment. *Id.* at *4.

The showing a claimant must make at step two is "de minimis," as the impairment or combination of impairments need only have "'more than a minimal effect' on [the] claimant's ability to do basic work activities." *Id.* at *2 (quoting *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988)). The ALJ erred in finding at step two that Plaintiff had no severe impairment or combination of impairments. *See id.* at *1, *4. Thus, reversal was required.

Defendant objects to any award of fees, notwithstanding the cited ALJ errors, essentially arguing that "this case is exceptional because the Commissioner's litigation

position 'cured unreasonable agency action.'" *Groberg v. Astrue*, 505 F. App'x 763, 768 (10th Cir. 2012) (alteration omitted) (quoting *Hackett*, 475 F.3d at 1174); *see Vincent v. Berryhill*, 247 F. Supp. 3d 1228, 1232 (W.D. Okla. 2017); *see also Gutierrez v. Sullivan*, 953 F.2d 579, 585 (10th Cir. 1992) (noting that the court can consider the reasonableness of the position the government takes both in the administrative proceedings and in the civil action the claimant commenced to obtain benefits). Defendant correctly notes that the Commissioner's position may be found to be substantially justified—and thus the Commissioner may avoid paying EAJA fees under this exception—"when the Commissioner "reasonably, even if unsuccessfully, argues in litigation that the ALJ's errors were harmless." Def.'s Resp. at 3 (quoting *Evans v. Colvin*, 640 F. App'x 731, 733 (10th Cir. 2016)).

In seeking affirmance, however, Defendant did not argue that the ALJ's erroneous assessment of the evidence was harmless. *See* Def.'s Br. (Doc. No. 18). Rather, Defendant repeatedly argued that the ALJ's scant discussion of the treating physician's opinions was proper and that the ALJ's step-two finding was legally sound and supported by substantial evidence. *See id.* at 3-13. Defendant also repeats arguments previously made, emphasizing that a claimant's fee request is not subject to the same standard as the Court's merits review. The Court acknowledges the distinction but concludes that these arguments do not show "a reasonable basis in law and in fact" for the ALJ's denial of benefits. *Hadden*, 851 F.2d at 1267; see Def.'s Resp. at 4-8; *see also Gutierrez*, 953 F.2d at 584-86 (finding that district court abused its discretion in denying fees to plaintiff where ALJ's findings were unreasonable based on the record before the ALJ).

Defendant thus has not shown that the United States' position before the SSA and this Court was substantially justified. *See* 28 U.S.C. § 2412(d)(1)(A), (d)(1)(B), (d)(2)(D).

IV.   *Whether Plaintiff's Fee Request Is Reasonable*

The Court is aware of no special circumstances that would make an award of attorney's fees unjust. *See id.* § 2412(d)(1)(A). Thus, the only remaining issue is the reasonableness of Plaintiff's fee request. *See id.* § 2412(d)(1)(A), (d)(1)(B), (d)(2)(A).

Plaintiff seeks an attorney's fee award of $7675.80, calculated as follows:

- 31.3 attorney hours for work performed in 2018, at a rate of $202.00 per hour; and 5.8 attorney hours for work performed in 2019, at a rate of $204.00 per hour.

- 1.7 paralegal hours for work performed in 2018, at a rate of $100.00 per hour.

*See* Pl.'s Suppl. Mot. at 1, 4-7. Plaintiff's attorney has provided a detailed statement of the time expended on this case, and the Court finds that this uncontroverted statement reflects a reasonable amount of time spent on this matter. *See id.* Ex. 1 (Doc. No. 27-1).[1]

An attorney's fee award under the EAJA is limited to $125.00 per hour unless the court determines that an increase in the cost of living or special factor justifies a higher fee. *See* 28 U.S.C. § 2412(d)(A). Plaintiff has requested an upward adjustment of this statutory rate, and Defendant does not challenge the hourly fee requested by Plaintiff. The Court takes judicial notice of the fact that SSA's Office of General Counsel ("OGC") in Denver has agreed as a matter of policy that $202.00 is a reasonably hourly rate for work performed

---

[1] The inclusion in the fee award of time spent seeking this fee award (to which Defendant has offered no objection) is appropriate under *Commissioner, Immigration & Naturalization Service v. Jean*, 496 U.S. 154 (1990). *See* Pl.'s Suppl. Mot. at 6-7; *Vincent*, 247 F. Supp. 3d at 1229-30.

in 2018, and $204.00 is a reasonable hourly rate for work performed in 2019, on Social Security cases in the Western District of Oklahoma. *See* Pl.'s Mot. Ex. 2 (Doc. No. 24-2) (Mem. from Denver OGC Office Regarding Soc. Sec. Litig. in Okla. & N.M. (Aug. 14, 2019)). Plaintiff therefore is entitled to an upward adjustment of the statutory rate consistent with the evidence provided. *See id.*; *see also* Pl.'s Mot. Ex. 5 (Doc. No. 24-5).

## CONCLUSION

Having considered the parties' arguments as well as the relevant record, the Court concludes that: (1) Plaintiff is a prevailing party; (2) the government's position was not substantially justified; (3) there are no special circumstances that make an award of fees unjust in this case; and (4) the amount of the fee requested is reasonable. The Court therefore GRANTS Plaintiff's Motion (Doc. Nos. 24, 27) and awards attorney's fees under the EAJA in the amount of $7675.80, with said amount to be paid directly to Plaintiff and sent in care of Marianna McKnight, 2448 E. 81st Street, Suite 2038, Tulsa, Oklahoma 74137. If attorney's fees are also awarded under 42 U.S.C. § 406(b), Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 11th day of May, 2020.

_____
CHARLES B. GOODWIN
United States District Judge